Bou, Demandante y Apelante, *v.* Colorado, Demandado y Apelado.

Apelación procedente de la Corte de Distrito de San Juan, Sección 1ª., en causa sobre cobro de arrendamiento.

No. 1429.—Resuelto en junio 20, 1916.

Arrendamientos—Fianza Solidaria—Extinción de la Fianza—Consentimiento o Intervención del Acreedor—Novación.—La obligación de pagar un deudor al acreedor cánones de arrendamiento, asegurada con fianza solidaria, consignada en escritura pública, no se extingue por la sustitución de dicho deudor por virtud de escrituras en que no ha intervenido, ni consentido, el acreedor. Dichas escrituras no pueden en concepto alguno por sí solas novar mediante la sustitución del deudor la obligación que éste había contraído a favor del acreedor, con fianza solidaria.

Id.—Carta no Contestada—Sustitución del Deudor.—El hecho de que en este caso no fuera contestada una carta dirigida por la sociedad arrendataria al arrendador dándole conocimiento de la disolución de la sociedad y de la constitución de una nueva que continuaría bajo las mismas condiciones el contrato hasta su vencimiento, no envuelve el consentimiento que la ley exige por parte de dicho arrendador para que la primitiva sociedad deudora fuera sustituída por la nueva sociedad.

Id.—Fianza—Extinción de la Fianza.—Cuando la obligación no se ha extinguido por sustitución de nuevo deudor con el consentimiento del acreedor, tampoco se ha extinguido la fianza solidaria prestada con relación al primitivo deudor.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. José G. Torres.*

Abogado del apelado: *Sr. Antonio Trujillo Güil.*

El Juez Presidente Sr. Hernández, emitió la opinión del tribunal.

Se trata de recurso de apelación interpuesto por el demandante Rafael Acisclo Bou contra sentencia que en 10 de mayo de 1915 pronunció la Corte de Distrito de San Juan, Sección 1ª., declarando sin lugar la demanda con las costas a cargo del demandante.

En esa demanda pide el demandante sea condenado el demandado en su carácter de fiador solidario de Ramón Bosch y Luis Ferreras, arrendatarios del cine "Monte Carlo" de su propiedad, al pago de $465 correspondientes a cánones de

arrendamiento de los meses de noviembre y diciembre, 1914, y enero, 1915.

De las alegaciones de las partes demandante y demandada en combinación con las pruebas practicadas en el juicio resultan los siguientes hechos:

1º. Por escritura pública No. 41 otorgada en esta ciudad de San Juan a 27 de mayo de 1912 ante el notario José G. Torres, Rafael Acisclo Bou dió en arrendamiento a Ramón Bosch y Luis Ferreras un solar de 800 metros cuadrados de terreno situado en el barrio de Puerta de Tierra, con edificio en él construído denominado cine "Monte Carlo," aparato cinematográfico Pathé, caseta para el mismo, y tablado para las variedades, caseta para taquilla, cuadro y telón para el cine, decoraciones, muebles y demás enseres que se detallan en la referida escritura, cuyo arrendamiento se verificó por término de tres años a vencer en 1º. de junio de 1915 y canon de $155 que los arrendatarios debían pagar por mensualidades adelantadas, habiéndose constituído en el mismo documento Rafael Colorado fiador solidario de Bosch y Ferreras en favor de Bou para garantizar el pago del canon mensual en su oportunidad y el cumplimiento de las demás condiciones estipuladas en el contrato.

2º. Por otra escritura No. 6 ante el notario Eduardo Acuña a 31 de enero de 1913, después de haber hecho constar Ramón Bosch y Luis Ferreras que mediante escritura No. 34 otorgada ante el mismo notario Acuña a 12 de junio de 1912 constituyeron una sociedad particular de carácter civil, limitada, bajo la razón de Ferreras y Bosch por término de 5 años para la explotación del salón Monte Carlo con cinematógrafo y otros espectáculos públicos de carácter lícito en el género de variedades, cedió Ferreras a Rafael Terrats y Rafael Colorado todos sus derechos, acciones y participaciones en la sociedad Ferreras y Bosch por precio de $450 que el cedente Ferreras confesó tener recibidos de los cesionarios Terrats y Colorado, los cuales en unión de Ramón Bosch constituyeron por la misma escritura bajo la razón de

Bosch y Compañía, una sociedad para la explotación también del salón Monte Carlo con cinematógrafo y otros espectáculos públicos, cuya sociedad había de durar el término de 5 años.

3°. Por otra tercera escritura de 21 de enero de 1914 ante el notario Damián Monserrat y Simó, María Badía por sí y en nombre de su menor hija impúber Antonia Manuela Bosch y Badía, componentes ambas de la sucesión de Ramón Bosch fallecido en 11 de marzo de 1913, Rafael Terrats y Rafael Colorado declararon totalmente extinguida la sociedad Bosch y Compañía constituída por la escritura de 31 de enero de 1913, y los tres cedieron todos sus derechos, participaciones y acciones en la sociedad disuelta a favor de Oscar Rocafort por precio de $400 que los cedentes confesaron haber recibido del cesionario.

Rafael Colorado, según muestra la escritura de 27 de mayo de 1912, se constituyó fiador solidario de los arrendatarios del cine Monte Carlo, Bosch y Ferreras, con relación al arrendador Rafael A. Bou. No aparece, ni siquiera se ha tratado de probar, que los cánones de arrendamiento cuyo pago reclama el demandante al fiador Colorado le hayan sido satisfechos. La excepción de pago no ha sido alegada.

La única cuestión legal a debatir en el presente recurso es la de si la obligación de fianza solidaria constituída por Rafael Colorado a favor de Rafael Acisclo Bou garantizando el pago de los cánones de arrendamiento del Cine Monte Carlo que debían satisfacer los arrendatarios Ferreras y Bosch quedó extinguida por novación a virtud de haber sido sustituídas las personas de los deudores Bosch y Ferreras mediante las escrituras de 31 de enero de 1913 y 21 de enero de 1914, según sostiene Colorado, o si no ha existido tal novación según afirma Bou.

La obligación del fiador se extingue al mismo tiempo que la del deudor y por las mismas causas que las demás obligaciones, según el artículo 1748 del Código Civil. El artículo 1124, entre los medios extintivos de las obligaciones com-

prende el de la novación. El artículo 1171 establece que
la novación, aparte de otras causas, puede tener lugar sus-
tituyendo la persona del deudor, y el artículo 1173 prescribe
que la novación que consiste en sustituirse un nuevo deudor
en lugar del primitivo, puede hacerse sin conocimiento de
éste pero no sin el consentimiento del acreedor. Haciendo
aplicación de los anteriores preceptos legales a la cuestión
debatida, entendemos que la obligación de pagar Ramón
Bosch y Luis Ferreras a Rafael Acisclo Bou los cánones de
arrendamiento del cine Monte Carlo consignada en escritura
pública de 27 de mayo de 1912, no se ha extinguido por sus-
titución de los deudores a virtud de las escrituras de 12 de
junio de 1912 y 31 de enero de 1913 constitutivas de las socie-
dades Ferreras & Bosch y Bosch y Compañía, para la explo-
tación del cine Monte Carlo, y de la otra escritura de 21
de enero de 1914, por la que la última sociedad cedió a Oscar
Rocafort todos sus derechos, participaciones y acciones en
la misma. En ninguna de dichas escrituras tuvo interven-
ción Rafael Acisclo Bou y ellas por sí solas no pueden en
concepto alguno novar mediante la sustitución de los deu-
dores Ferreras y Bosch la obligación que éstos habían con-
traído a favor de Bou con la fianza solidaria de Rafael
Colorado. Bou no dió consentimiento para la sustitución
de deudores.

Fué traída al juicio una carta de Ferreras y Bosch a Ra-
fael Acisclo Bou dándole conocimiento de la disolución de la
sociedad de ese nombre y de la constitución de la nueva
Bosch y Compañía, cuya carta dice así:

"San Juan, 21 de enero de 1913. Sr. Don Rafael A. Bou. Pre-
sente: Muy Sr. mío y amigo: Tenemos el gusto de participarle que
con esta fecha y por mutuo convenio, hemos disuelto la sociedad que
para la explotación del cine Monte Carlo giraba bajo la razón de
Ferreras y Bosch. Para su satisfacción podemos decirle, que esta
disolución en nada perjudica las cláusulas de su contrato, pues la
sociedad entrante Bosch & Co. de la que forman parte como gestores
Don Rafael Colorado, Don Rafael Terrats y Don Ramón Bosch y

Alió aceptan continuar bajo las mismas condiciones hasta su ven-
cimiento.   Esperamos felices sucesos en toda clase de negocios y que
nuestros sucesores cumplan como nosotros, nos reiteramos como siem-
pre atto. amigo y S. S.   Ferreras & Bosch.''

Esa carta no fué contestada por Bou, pero la falta de
contestación no envuelve el consentimiento que la ley exige
por parte de aquél para que los primitivos deudores Bosch
y Ferreras fueran sustituídos por la sociedad Bosch y Com-
pañía, y de existir tal consentimiento sería bajo la base expre-
sada en la carta de que la sociedad Bosch & Compañía había
de continuar bajo las mismas condiciones con que Ferre-
ras & Bosch venían explotando el cine Monte Carlo y, por
tanto, siendo fiador solidario Colorado de los cánones de
arrendamiento.

En cuanto al tiempo de administración del cine Monte
Carlo por Oscar Rocafort hay prueba tendente a demostrar
que los cánones de arrendamiento eran satisfechos a Bou por
cuenta de Ferreras & Bosch, consistiendo esa prueba en de-
claraciones del demandante Bou, de su apoderado Juan Mar-
chand Sicardó y de Juan Rocafort, padre de Oscar Rocafort,
que en ausencia de éste intervino en la administración del
cine.

Pero aun hay más, y es que después de la cesión de dere-
chos y acciones en el cine Monte Carlo hecha por Bosch y Com-
pañía en escritura de 21 de enero de 1914 a favor de Oscar
Rocafort, el hoy demandado Rafael Colorado dirigió una
carta a Rocafort, en que, entre otras cosas, le dice lo
siguiente:

''San Juan, P. R., 27 de marzo de 1914.   Señor Don Oscar Roca-
fort, Puerta de Tierra.   Estimado Oscar: Le he mandado buscar dos
o tres veces sin conseguir que atendiera Vd. mis deseos.   Tengo noti-
cias que está Ud. atrasado en el pago de los alquileres del teatro, y
deseaba hacerle presente que es necesario tenerlos al día.   *   *   *
Suyo affmo. seguro servidor, R. Colorado.''

Esa carta revela que Colorado estaba interesado en que
Rocafort estuviera corriente en el pago de los arrendamientos

del cine y tal interés no podía ser otro que el de evitarse las responsabilidades que la falta de pago pudiera traerle con motivo de la fianza solidaria que tenía prestada en la escritura de 27 de mayo de 1912.

Tenemos, pues, que la obligación de Bosch y Ferreras no se ha extinguido por sustitución de nuevo deudor con el consentimiento del acreedor Bou, y en su consecuencia tampoco se ha extinguido la fianza solidaria prestada con relación a aquellos deudores por Colorado.

Debemos consignar además que Ferreras y Bosch, arrendatarios del cine Monte Carlo, pudieron ceder como cedieron sus derechos de tales a Bosch & Compañía y esta sociedad a Rocafort, pero la cesión no podía perjudicar los derechos de Bou con relación a los primitivos arrendatarios y al fiador solidario, pues para ello hubiera sido necesario que Bou además de haber aceptado la transmisión del arrendamiento hubiera renunciado los derechos y beneficios que le ofreciera el arrendamiento original, lo que no ha sucedido en el presente caso.

Esa doctrina ha sido ya establecida por esta Corte Suprema al resolver el caso de *Becerril et al.* v. *Post et al.,* 22 D. P. R. 732.

Por las razones expuestas es de revocarse la sentencia apelada y dictarse otra declarando con lugar la demanda sin especial condenación de costas.

> *Revocada la sentencia apelada y declarada*
> *con lugar la demanda sin especial conde-*
> *nación de costas.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro, Aldrey y Hutchison.